CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 18 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE BRIDGES,<br>Petitioner, | )<br>) Civil Action No. 7:07CV00490<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| MS. KATHLEEN BASSETT,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

George Bridges, a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Bridges alleges claims of ineffective assistance of counsel, prosecutorial misconduct, and due process violations. On December 19, 2007, respondent filed a motion to dismiss and answer. Bridges has filed a response, and the matter is now ripe for consideration. Upon review of the relevant state court records and the pleadings and exhibits submitted by the parties, the court will grant respondent's motion.

## I. Factual and Procedural Background

On March 28, 2002, Bridges entered an Alford[1] guilty plea to first degree murder and use of a firearm in the commission of murder, in violation of Va. Code §§ 18.2-32 and 18.2-53.1. The evidence presented in support of the plea indicated that on August 1, 2000, Bridges and Monte Estridge were employed by the same employer as gas well tenders. According to Bridges, he had observed Estridge sabotaging the gas wells for which Bridges was responsible. When Bridges confronted Estridge, Bridges alleges that Estridge laughed at him and threatened him. Bridges then pulled out a gun and subsequently fired a total of nine shots into Estridge's body. Estridge died as a result of his gunshot wounds. Bridges ultimately admitted to authorities that he killed Estridge. On April 25, 2002, the Wise County Circuit Court sentenced Bridges to a total of life plus three years incarceration. Bridges' direct appeal to the Court of Appeals of Virginia was refused by that Court on October 21, 2002, because the petition was not timely filed.

---

[1] See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (With an "Alford plea," a defendant asserts his innocence but admits that sufficient evidence exists which could likely convince a judge or jury to find the defendant guilty); see also Parson v. Carroll, 636 S.E.2d 452, 454-55 (Va. 2006) (describing effect of Alford plea in Virginia).

On October 17, 2003, Bridges filed a state petition for writ of habeas corpus in the Wise County Circuit Court. In his petition, he alleged several grounds of ineffective assistance, particularly that his attorney was ineffective for failing to perfect the petition for appeal. The Circuit Court granted Bridges the right to seek a delayed appeal by order entered December 10, 2003.

Bridges noted an appeal to the Court of Appeals of Virginia on February 8, 2005. The petition for appeal, filed by counsel pursuant to Anders v. California, 386 U.S. 738 (1967), raised the issue of whether the trial court erred in sentencing Bridges to life imprisonment because the sentence imposed was above the high range of the discretionary sentencing guidelines. The Court allowed Bridges to file a pro se supplemental petition, in which he raised the following issues:

> A. The Commonwealth breached the plea agreement by recommending that Bridges receive a sentence above the applicable guideline range;
>
> B. The trial court violated Bridges' First Amendment rights by making a sarcastic remark about Bridges' religion at sentencing;
>
> C. The trial court violated Bridges' due process rights by sentencing him beyond the statutory maximum and erred in not stating its reason for departing from the sentencing guidelines;
>
> D. The trial court erred by joining the indicted offenses;
>
> E. Counsel was ineffective in failing to advise Bridges that the DNA found at the crime scene did not match Bridges' DNA; and
>
> F. Bridges' Alford plea was not voluntary because the trial court did not discuss the terms of the plea agreement with Bridges.

The Court of Appeals of Virginia denied the petition on October 27, 2005, finding that the trial court had not abused its discretion in sentencing Bridges because the sentence did not exceed the maximum sentence authorized by statute, the ineffective assistance of counsel claim could not be raised on direct appeal, the record did not demonstrate that Bridges' plea was involuntary, and that the remaining claims were barred by Rule 5A:18 because they had not been raised at trial. Bridges appealed to the Supreme

2

Court of Virginia, which dismissed the appeal on March 9, 2006, because Bridges failed to file a notice of appeal pursuant to Va. Sup. Ct. R. 5:14(a).

Bridges filed a second habeas corpus petition in the Wise County Circuit Court on April 10, 2006[2], raising the following issues:

A. The Commonwealth breached the plea agreement;

B. The trial court discriminated against Bridges at sentencing on religious grounds;

C. The trial court erred by sentencing Bridges beyond the statutory maximum and in using no reliable evidence and false information in imposing the sentence;

D. The trial court erred in joining offenses for trial; and

E. The trial court violated federal Rule 11 because Bridges' guilty plea was not voluntary.

The Court heard oral arguments in this matter on November 14, 2006, and denied the petition on February 12, 2007, holding that the petition was barred as successive under Virginia Code § 8.01-654(B)(2) and also that the claims were barred by Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974).

Bridges appealed to the Supreme Court of Virginia, but the petition was dismissed on July 25, 2007, because it did not contain proper assignments of error pursuant to Va. Sup. Ct. R. 5:17(c). The Court also refused Bridges' petition for rehearing by order entered September 21, 2007.

## II. Current Claims

Bridges filed the instant habeas petition on October 10, 2007,[3] raising the following issues:

A. Appellate counsel was constitutionally deficient in filing an Anders brief on appeal;

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. See Lewis v. City of Richmond Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Court records indicate that this petition was received on May 15, 2006; however, in his original petition, Bridges contends that he filed the petition on April 10, 2006, and, in his response to the conditional filing order, contends that he filed it on April 11, 2006. Accordingly, out of an abundance of caution, the court will use the April 10, 2006 date to calculate the statute of limitations.

[3] The record here reflects that Bridges signed his petition on October 10, 2007, but it does not disclose the date on which the petition was delivered to prison officials for mailing. Bridges indicates in his response to the conditional filing order that he filed the petition on October 12, 2007, and the petition was entered upon this court's docket on that date. However, out of an abundance of caution, the court will use the date of signature, a date that marginally favors Bridges, as the actual filing date. See Lewis, 947 F.2d at 735.

3

B. Trial counsel was ineffective for working in collusion with the prosecutors and in coercing Bridges into pleading guilty; and

C. The prosecutor committed misconduct by making improper remarks to the court.

### III. Statute of Limitations

A one-year period of limitation applies to habeas petitions filed under § 2254. See 28 U.S.C. § 2244(d)(1).[4] Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." See 28 U.S.C. § 2244(d)(2). A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). The Court of Appeals of Virginia denied Bridges' delayed direct appeal on October 27, 2005, and he did not properly pursue an appeal to the Supreme Court of Virginia within the thirty day time limit.[5] See Va. Sup. Ct. R. 2A:4. Thus, it appears that Bridges'

---

[4] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[5] Electronic court records indicate that Bridges did ultimately submit a petition to the Supreme Court of Virginia on November 28, 2005 (Bridges contends that he submitted his petition for appeal on November 30, 2005); however, the Court dismissed the appeal on March 9, 2006, because Bridges failed to file a proper notice of appeal pursuant to Rule 5:14(a). An improperly filed post-conviction or other collateral review does not toll the limitation period. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing); see also Rodgers v. Angelone, 113 F. Supp. 2d 922 (E.D. Va. 2000) (limitations period not tolled where petitioner failed to file timely petition for appeal); Poremski v. Crosby, No. 8:05CV1177T27TBM, 2006 WL 1529056, at *1 (M.D. Fla. May 30, 2006) (untimely notice of appeal was not "properly filed" and did not toll the statute of limitations); Hipp v. Morgan, No. 08-C-06, 2008 WL 351057 (E.D. Wis. Feb. 07, 2008) (noting that if prisoner's attorney failed to file notice of appeal in state court, the statute of limitations would not be tolled because the appeal was not "properly filed"). Bridges contends that he submitted a notice of appeal on November 10, 2005, but that it was inexplicably lost in the mail. Bridges does not provide the court with any additional facts or proof supporting this allegation nor does he allege that he attempted to resubmit or file a notice of appeal at any other point.

(continued...)

4

conviction became final on November 28, 2005, the last date Bridges could have filed a notice of appeal with the Supreme Court of Virginia.[6] Bridges' statutory limitations period for filing a federal habeas petition, therefore, originally expired on November 28, 2006; however, Bridges filed his second state habeas petition on April 10, 2006. Accordingly, the one year period was tolled during the pendency of this properly filed application for state collateral review. At that point, 133 days had already run on the limitations period. The state habeas proceedings concluded when the Wise County Circuit Court denied the petition as successive[7] on February 12, 2007. Bridges appealed this denial to the Supreme Court of Virginia, but the petition was dismissed on July 25, 2007, because it did not contain proper assignments of error pursuant to Rule 5:17(c). The Court also refused Bridges' petition for rehearing by order entered September 21, 2007. Bridges' appeal was not properly filed because it did not contain a list of errors. See Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)); see also McCray v. Johnson, No. 2:06cv728, 2007 WL 2892625 (E.D. Va. Sept. 28, 2007). Therefore, no tolling of the statute of limitations was available for the time that Bridges' appeal and petition for rehearing were pending. Thus, the statute of limitations was never tolled after February 12, 2007, the date on which Bridges' second state habeas petition was dismissed. Bridges did not file his federal habeas petition until October 10, 2007, approximately 8 days beyond the requisite one year statute of limitations.[8] As a result, the petition is untimely. Since Bridges has not demonstrated any grounds for

---

[5](...continued)
Bridges has thus failed to carry his burden of proof pursuant to 28 U.S.C. § 2254(e)(1). Accordingly, Bridges' appeal to the Supreme Court of Virginia did not toll the requisite statute of limitations as he did not properly file his application for appeal.

[6] The court notes that the thirty days in which to file a notice of appeal actually expired on November 27, 2005. However, that date was a Sunday. Accordingly, Monday, November 28, 2005, was the last date that Bridges could have filed his notice of appeal. See Fed. R. Civ. P. 6.

[7] A second or successive petition, filed according to the procedural rules of the state, is considered "properly filed" for statute of limitations purposes. See Artuz, 531 U.S. at 8; McSheffrey v. Angelone, 172 F.3d 863 (4th Cir. 1999) (Table).

[8] 240 days passed between the February 12, 2007 dismissal of Bridges' second state habeas petition and the October
(continued...)

5

Case 7:07-cv-00490-GEC-mfu Document 19 Filed 03/18/08 Page 5 of 7 Pageid#: 272

equitable tolling,[9] the petition must be dismissed.

Finally, assuming <u>arguendo</u> that the petition met statute of limitation requirements or merited equitable tolling, the instant claims cannot be reviewed by this court. Under 28 U.S.C. § 2254(b), a federal court cannot grant a <u>habeas</u> petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999); Va. Code § 8.01-654. However, if the petitioner has failed to exhaust state court remedies and state law would now bar state review, federal review is simultaneously precluded because of procedural default, absent a showing of either cause for the default and resulting prejudice or actual innocence. <u>Slayton v. Smith</u>, 404 U.S. 53 (1971); <u>Teague v. Lane</u>, 489 U.S. 288 (1989); <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990). It is clear that Bridges did not present his three current claims to the Supreme Court of Virginia

---

[8](...continued)
10, 2007 federal <u>habeas</u> filing date. Thus, the 133 days that had already run prior to Bridges' second state <u>habeas</u> petition combined with the 240 days that ran subsequent to the denial of that petition equated to 373 days, or 1 year and 8 days.

[9] Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) (citing <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Id.</u> Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 617 (3d Cir. 1998). Bridges' appears to contend that equitable tolling of the statute of limitations is available and proper because he is actually innocent of the crime for which he was convicted. However, such a claim is insufficient to invoke equitable tolling. <u>See</u> <u>Arehart v. Johnson</u>, No. 2:06cv698, 2007 WL 2021906, at *4 (E.D. Va. July 06, 2007) (noting that there is no provision in the federal <u>habeas</u> statute for an actual innocence exception to the statute of limitations); <u>O'Handley v. Johnson</u>, No. 2:05CV113, 2006 WL 680998, at *1-2, (E.D. Va. Mar. 14, 2006) (noting that the United States Supreme Court has never held that an "actual innocence" exception to the one-year statute of limitations applies so as to excuse a petitioner's failure to timely file his federal <u>habeas</u> petition). Moreover, claims of actual innocence must be based on "reliable evidence not presented at trial." <u>Wilson v. Greene</u>, 155 F.3d 396, 404 (4th Cir. 1998). In order to succeed on an actual innocence claim "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." <u>Royal v. Taylor</u>, 188 F.3d 239, 243-44 (4th Cir. 1999) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). This court must evaluate the credibility of the new evidence, and then consider it in conjunction with the trial record and other available evidence. <u>Id.</u> at 244; <u>see</u> <u>also</u> <u>O'Dell v. Netherland</u>, 95 F.3d 1214, 1250 (4th Cir. 1996). In the instant petition, Bridges merely asserts that his DNA was not found at the crime scene. Review of page number 170 of an unidentified transcript provided by Bridges reveals that DNA testing was discussed at some point prior to his guilty plea. Accordingly, this is not newly discovered evidence. Bridges also contends that the victim's father does not believe that Bridges was responsible for his son's death; however, such evidence is not credible and this court cannot find it more likely than not that a jury would find Bridges not guilty based on such evidence. Thus, the court finds that equitable tolling is not available in this case.

either in his delayed direct appeal or his second state habeas petition. Thus, these claims would be procedurally barred from being considered in the Virginia courts as claims set forth in a habeas petition may be procedurally barred by Virginia's successive petition rule if they were not timely raised in the first habeas petition filed by the same petitioner. See Va. Code § 8.01-654(B)(2). Bridges has not alleged any cause for the default and, as this court has already determined, has failed to illustrate actual innocence. Accordingly, these claims are simultaneously exhausted and procedurally defaulted for purposes of federal habeas review and this federal habeas court is precluded from reviewing the merits of the claims. See Harris v. Reed, 489 U.S. 255, 262 (1989).[10]

## IV. Conclusion

For the stated reasons, the court finds that Bridges' habeas claims are untimely filed, that the petition is not entitled to equitable tolling, and that his claims are, at any rate, unexhausted and therefore may not be reviewed by this court. Accordingly, the court will grant respondent's motion and dismiss the petition. An appropriate Order shall be entered this day. Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 18th day of March, 2008

*/s/ Glen E. Conrad*
United States District Judge

---

[10] To the extent that Bridges may argue that his claims were properly exhausted because they were presented in some form in his second state habeas petition, the court finds that because both the Wise County Circuit Court and the Supreme Court of Virginia clearly and expressly based the dismissal of the claims on state procedural rules, and those procedural rules provided independent and adequate grounds for the dismissal, Bridges has procedurally defaulted his federal habeas claims. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)); see also Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (recognizing § 8.01-654(B)(2) as an adequate and independent state law ground); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998) (finding that Slayton constitutes an adequate and independent state law ground for default); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999) (holding that Rule 5:17(c) constitutes an adequate and independent rule for the purposes of its ability to support the procedural default of a federal habeas corpus claim).